IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| KATHY J. O'DELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07-00242 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the Court on the parties' cross-Motions for Judgment on the Pleadings. (Document Nos. 12 and 14.) Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 3 and 4.)

The Plaintiff, Kathy J. O'Dell (hereinafter referred to as "Claimant"), filed an application for DIB on January 15, 2004, alleging disability as of November 5, 2002, due to back and neck problems. (Tr. at 17, 46-48, 51, 54.) The claim was denied initially and on reconsideration.[1] (Tr. at 33-35, 38-40.) On September 10, 2004, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 43.) The hearing was held on December 14, 2005, before the Honorable Robert S. Habermann. (Tr. at 284-310.) By decision dated January 26, 2006, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 17-25.) The ALJ's decision became the final decision of the Commissioner on February 16, 2007, when the Appeals Council denied Claimant's request for review. (Tr. at 5-9.) On

---

[1] On reconsideration of her claim, Claimant alleged depression as an additional disabling impairment. (Tr. at 36.)

April 17, 2007, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 1.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2006). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2006). The Commissioner must show two things: (1) that the claimant,

considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since her alleged onset date. (Tr. at 23, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from residuals of back injury, including sprains and strains, which were severe impairments. (Tr. at 23, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 23, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity for a narrow range of light exertional work, as follows:

> Claimant cannot engage in tasks requiring more than occasional crouching, stooping, kneeling, crouching [sic], crawling or climbing of stairs or ramps, and balancing. She also has limited ability to engage in tasks requiring reaching, and should also not be exposed to job situations exposing her to more than limited vibration or hazards. Claimant would also have a mild reduction in concentration due to some back pain.

(Tr. at 24, Finding No. 7.) At step four, the ALJ found that Claimant could not return to her past relevant work. (Tr. at 24, Finding No. 8.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as a security systems monitor, bench worker, and product inspector, at the sedentary level of exertion. (Tr. at 24, Finding No. 13.) On this basis, benefits were denied. (Tr. at 24, Finding No. 14.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular

>conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was born on August 17, 1958, and was 47 years old at the time of the administrative hearing. (Tr. at 22, 46, 288.) Claimant had a ninth grade, or limited education. (Tr. at 22, 59, 289.) In the past, she worked as a stocker/cashier and a telemarketer. (Tr. at 22, 55, 293-95, 303.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below in relation to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in assessing Claimant's pain and credibility. (Document No. 13 at 3-7, 8-11.) First, Claimant contends that the ALJ failed to make the threshold determination whether Claimant had medically determinable impairments that could reasonably be expected to produce the alleged symptoms. (Id. at 3-4.) Assuming that the ALJ made the threshold finding, Claimant contends that the

ALJ failed to provide a rationale for his decision, and specifically did not discuss Claimant's activities of daily living, other than to summarize her testimony. (Id. at 5.) Furthermore, Claimant asserts that the ALJ incorrectly assessed the objective data. (Id. at 5-6.) Claimant appears to contend that the MRI reports which demonstrated central disc protrusion at C4-5 with compression of the nerve root "alone support[s] every complaint of pain and limitation that [Claimant] testifies about and it justifies a finding of disabled." (Id. at 6.) She also contends that the ALJ discredited her subjective complaints because she had negative neurological findings, which the ALJ determined failed to support her complaints of pain. (Id.)

Second, Claimant contends that the ALJ discussed very little of the details of her testimony, and therefore, much less analyzed them as required by SSR 96-7p. (Document No. 13 at 8.) To the extent that the ALJ found Claimant's allegations inconsistent with the evidence of record, Claimant asserts that the ALJ improperly expressed a medical opinion. (Id. at 9.) Claimant states: "The objective findings support the credibility of [Claimant's] complaints, yet nowhere does the ALJ discuss why such findings are ignored or do not support his complaints." (Id.) Furthermore, Claimant alleges that the ALJ failed to address the consistency of her allegations. (Id. at 10.)

Regarding the threshold step of the pain and credibility analysis, the Commissioner asserts that the ALJ found that Claimant's impairments could reasonably be expected to produce the pain or other symptoms alleged, "by finding those impairments severe at step two of the sequential evaluation process." (Document No. 14 at 15.) In making his credibility determination, the Commissioner asserts that the ALJ properly considered Claimant's subjective allegations in accordance with the Regulations. (Id. at 15-16.) Specifically, the Commissioner notes that the ALJ considered Claimant's activities of daily living and her testimony, as well as the objective evidence of record. (Id. at 16.) Based on the evidence of record as a whole, the Commissioner asserts that the ALJ properly concluded that

Claimant's subjective allegations did not prevent her from performing all work. (Id.)

Analysis.

A two-step process is used to determine whether a claimant is disabled by pain or other symptoms. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2006); SSR 96-7p; See also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the pain or symptoms and the extent to which they affect a claimant's ability to work must be evaluated. Id. at 595. When a claimant proves the existence of a medical condition that could cause the alleged pain or symptoms, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2006). Additionally, the Regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.

>    (iii) Precipitating and aggravating factors;
>
>    (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
>    (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
>    (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>
>    (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) (2006).

SSR 96-7p repeats the two-step regulatory provisions:

>    First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.
>
>    Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186 (July 2, 1996). SSR 96-7p specifically requires consideration of the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" in assessing the credibility of an individual's statements.

7

Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the Regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. Id. at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

In view of error it found in the ALJ's pain analysis, the Craig Court remanded, stating its reasoning as follows:

> [T]he ALJ did not expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain. . . . Accordingly, we remand to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains. If the ALJ concludes that she does, then, and only, then, should it undertake an assessment into the credibility

8

of Craig's subjective claims of pain.

Craig, 76 F.3d at 596. Relying upon this language in Craig, this Court remanded in Hill v. Commissioner of Social Security, 49 F.Supp.2d 865, 869 (S.D. W.Va. 1999) (Hallinan, J.), for consideration of the threshold issue in the pain analysis over the Commissioner's contention that it would be a waste of judicial and administrative resources because Mr. Hill would still be found not disabled. Judge Hallinan stated as follows:

> For the Court to make a determination when reviewing whether the ALJ's decision is supported by substantial evidence, the Court expects those below to conduct a full and intensive review of the record. Justice and fairness demands nothing less. To say that the results would be the same upon a second, more comprehensive review and explanation of the record, and therefore should not be done at all, would be to deny the Claimant his right to a fair decision, and in addition, deny the Court of a fully developed record of review.

Hill, 49 F.Supp.2d at 870. In Arnold v. Barnhart, Civil Action No. 1:04-0422 (S.D. W.Va. Sept. 29, 2005), this Court further held that Craig mandates "that an ALJ must make an *explicit* determination that a claimant has or has not proven an underlying medical impairment that could cause the pain alleged by the claimant." Id. at 11.

> [T]he ALJ's failure to expressly reach a conclusion regarding the first part of the pain disability test, the threshold question of whether a claimant has "an underlying medical impairment that could reasonably be capable of causing the pain alleged," constitutes a failure to apply the correct legal standard in determining that a claimant is not disabled by pain.

Id. at 14. See also, Bradley v. Barnhart, 463 F.Supp.2d 577, 581-83 (S.D. W.Va. 2006) (remanding for the ALJ's failure to consider the threshold question of Craig prior to considering the credibility of her subjective allegations).

In the instant case, the ALJ noted the requirements of the applicable law and Regulations with regard to assessing pain, symptoms, and credibility. (Tr. at 20-21.) The ALJ acknowledged Claimant's testimony and the medical evidence of record, and stated his findings regarding the pain and credibility

9

assessment as follows:

> Considering the totality of the foregoing documentary evidence and related testimony, it fully appears that, in the instant case, objective signs and clinical findings indicate a higher level of functioning than that alleged by claimant at the hearing. Claimant alleges that *all* significant gainful activity is precluded because of impairments. Although the claimant may suffer from some limitations due to impairments as listed above, claimant's testimony is not credible to the extent that it is construed to mean that her limitations are so severe that she cannot engage in any work activity. This is inconsistent with the objective medical evidence which does not contain any evidence of disabling impairment.
>
> \* \* \*
>
> In the instant case, considering the record in its entirety, I hold that claimant's assertions of complete inability to perform any sustained activity for an eight-hour day due to a combination of mental and physical impairments are simply not credible.

(Tr. at 21.) Without explicitly addressing the first prong of the two-step pain and credibility analysis discussed above, the ALJ proceeded to note under step two that the evidence of record demonstrated that Claimant received only conservative treatment, and that Claimant's examinations were normal. (Id.) He further noted that Claimant's treating physician refused to assess any limitations on her ability to engage in work-related activities, despite a three-year treatment relationship. (Id.) Consequently, the ALJ concluded that there was "simply nothing in the record which substantiates any impairment capable of producing the functional limitations alleged." (Id.) The ALJ however, failed to determine at step one of the pain and credibility analysis whether Claimant had any underlying impairments which reasonably could be expected to produce the pain or symptoms alleged.

As stated above, the Commissioner asserts that the ALJ found that Claimant's "residuals from her back injury, including sprains and strains, were medically determinable impairments which could 'reasonably be expected to produce the pain or other symptoms alleged,' by finding those impairments severe at step two of the sequential evaluation process." (Document No. 14 at 15.) The Court finds the Commissioner's argument unpersuasive; a finding of severe impairments at step two of the sequential

10

analysis does not equate a finding of impairments that reasonably could be expected to cause subjective pain and symptoms at step one of the pain and credibility analysis. A finding of a severe impairment means that a claimant's impairment significantly limits her "physical or mental ability to do basic work activities."[2] 20 C.F.R. §§ 404.1520(c); 416.920(c) (2006). This step two standard differs from that required under the threshold step defined by 20 C.F.R. § 404.1529(b), Craig, Arnold, and Bradley. Section 404.1529(b) defines the threshold standard in part, as follows: "Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(b) (2006). As this Court stated in Bradley, "if it is determined that the claimant has demonstrated by objective medical evidence an impairment or impairments capable of causing the degree and type of pain he alleges, the supporting findings to that effect may shed some light on the credibility of his subjective claims of disabling pain." Bradley, 463 F.Supp.2d at 582.

Based upon the foregoing, the Court concludes that this matter must be remanded for further administrative proceedings consistent with this Memorandum Opinion. The Court makes no recommendation or conclusion with regard to Claimant's disability status; that decision is reserved solely for the Commissioner. Upon remand, the Court requests only that the ALJ comply with all applicable Regulations when deciding whether Claimant's allegations regarding her pain and other

---

[2] Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. §§ 404.1520(c); 404.1521(b)(1)-(6); 416.920(c); 416.921(b)(1)-(6) (2006).

symptoms are credible. The Court also notes that Claimant raises other objections in her Motion, but the Court will not address those issues at this time due to the fact that the case should be remanded on other grounds.

After careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, for the reasons set forth in this Memorandum Opinion, and by Judgment Order entered this day, the Plaintiff's Motion for Judgment on the Pleadings (Document No. 12.) is **GRANTED**, Defendant's Motion for Judgment on the Pleadings (Document No. 14.) is **DENIED**, the final decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings and is **DISMISSED** from the active docket of this Court.

The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: September 25, 2008.

R. Clarke VanDervort
United States Magistrate Judge